```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                   CHARLESTON DIVISION
```

**UNITED STATES OF AMERICA**

**v.**                        CRIMINAL ACTION NO. 2:25-00120

**TODD JEFFERY ULLUM**

<u>**MEMORANDUM OPINION AND ORDER**</u>

Pending before the court is the government's motion to unseal the exhibits to defendant's aborted plea hearing in this matter.  For the reasons discussed below, that motion is **GRANTED**.

On July 11, 2025, an information was filed charging Todd Jeffery Ullum with a violation of 21 U.S.C. § 841(a)(1).  Five days later, on July 16, 2025, the United States of America filed a motion to schedule a guilty plea hearing.  That motion was granted and a plea hearing was scheduled for August 12, 2025.

On August 12, 2025, the parties appeared for a plea hearing.  A written plea agreement was offered during the hearing and defendant also executed a waiver of indictment. Before the court had accepted defendant's guilty plea, his attorney requested additional time to consult with her client as he indicated that he did not wish to go forward with entering a plea of guilty.  By Order entered on August 12, 2025, at the request of counsel for defendant, the court ordered that the

plea agreement and waiver of indictment forms tendered during the uncompleted plea hearing be filed under seal.

The plea hearing in this matter was ultimately never completed. The United States has moved to unseal the plea agreement which contains a stipulation of facts. See ECF No. 12. Defendant opposes the government's motion. See ECF No. 13. By Order entered on December 18, 2025, the court directed defendant to provide "reasons to justify the seal order remaining in effect as none appear on the record." ECF No. 14.

Defendant filed his response on December 22, 2025. See ECF No. 15.

"It is well settled that the public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings." Doe v. Public Citizens, 749 F.3d 246, 265 (4th Cir. 2014). "Public access promotes not only the public's interest in monitoring the functioning of the courts but also the integrity of the judiciary." Id. at 266. "The right "derives from two independent sources: the common law and the First Amendment.'" United States v. Doe, 962 F.3d 139, 145 (4th Cir. 2020) (quoting Va. Dep't of State Police v. Wash. Post, 386 F.3d 567, 575 (4th Cir. 2004)).

"The common law presumes that the public and the press have a qualified right to inspect all judicial records and documents." United States v. McComber, Criminal No. ELH-21-036, 2024 WL 3555319, at *4 (D. Md. July 23, 2024) (citations omitted).

> [A]t common law, a district judge must weigh the competing interests of the public's access to judicial proceedings and the interests of the individuals in keeping the information private and of the government in ensuring integrity in its processes. Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597-98, 98 S. Ct. 1306, 55 L.Ed.2d 570 (1978); see also United States v. Harris, 890 F.3d 480, 491-92 (4th Cir. 2018) (declining to seal decision). In making this sealing determination, we have suggested that the factors to be considered "include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984); Nixon, 435 U.S. at 597-608, 98 S. Ct. 1306.

Id.

"The public's right to access documents under the First Amendment is narrower in scope but stronger in force. It applies only to particular judicial records and documents." Doe, 962 F.3d at 145 (citation and quotation omitted). "But where the First Amendment applies, a 'compelling government interest' must justify denial of access, and closure must be 'narrowly tailored to serve that interest.'" Id. (quoting In re

3

Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)). Of particular relevance here, the Fourth Circuit has held "that the First Amendment right of access applies to documents filed in connection with plea hearings and sentencing hearings in criminal cases, as well as to the hearings themselves." In re Wash. Post, 807 F.2d at 390.

The United States Court of Appeals for the Fourth Circuit has "cautioned district courts that the right of public access, whether arising under the First Amendment or the common law, may be abrogated only in unusual circumstances." Doe, 749 F.3d at 266 (internal citation and quotation omitted).

In this case, defendant's proffered reasons for the documents remaining under seal are not sufficient to outweigh the public's right of access under either standard. First, the court has already explained that the government will likely need to provide authority for using the plea agreement in other proceedings. See ECF No. 14. Therefore, defendant's claim that unsealing the documents might result in collateral misuse does not pass muster. Second, a look at the complete record in this matter makes clear the guilty plea was never accepted and, therefore, any confusion regarding the document is explained by a review of the full record. In any event, the plea hearing itself was not sealed and the plea agreement was summarized in

4

open court and placed into the record. Therefore, there is nothing "secret" about the documents that would provide a reason for them to remain under seal. See Doe, 962 F.3d at 153-54 (maintaining that sealing a document is unnecessary where information contained in document "remains detailed in other publicly available court records") (Richardson, J. dissenting). Accordingly, the motion to unseal is **GRANTED** and the Clerk is directed to **UNSEAL** the exhibits to ECF No. 6.

The United States has filed a motion to use the stipulation of facts in a future criminal proceeding. See ECF No. 16. That motion is **DENIED** without prejudice. Use of the stipulation of facts in another criminal proceeding should be decided by the judicial officer overseeing that future proceeding.

The Clerk is directed to send a copy of this Order to counsel of record, the Probation Office of this court, and the United States Marshal for the Southern District of West Virginia.

      **IT IS SO ORDERED** this 17th of February, 2026.

              ENTER:

              *David A. Faber*
              David A. Faber
              Senior United States District Judge